1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>              Petitioner,<br><br>       v.<br><br>ATTORNEY GENERAL'S OFFICE, *et al.*,<br><br>              Respondents. | Case No. 15-cv-2090-BAS(JMA)<br><br>**ORDER DENYING PETITION FOR WRIT OF MANDAMUS WITH PREJUDICE**<br><br>**[ECF No. 1]** |

On September 14, 2015, Petitioner Seavon Pierce, a state prisoner proceeding *pro se*, filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. The respondents named in this action appear to all be California state actors, including the California Attorney General's Office and California Attorney General Kamala D. Harris. Petitioner requests, among other things, "action to compel" officers to "perform his duty," and provide transcripts and other documents. To date, Petitioner has not filed the required $400 filing fee and has not requested to proceed *in forma pauperis*.

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994) (internal citation omitted).

Upon reviewing the petition, the Court finds that it lacks the authority to take the actions requested by Petitioner by way of a writ of mandamus. "Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties." *Tung V. Tran v. Carr*, No. C 10-04779 CW(PR), 2010 WL 4977783, at *2 (N.D. Cal. Dec. 1, 2010). "A petition for writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Id.* (citing *Demos v. U.S. District Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991), *cert. denied,* 498 U.S. 1123); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation). Consequently, under 28 U.S.C. § 1915(e)(2)(B)—which permits the court to dismiss an action at the outset if determined to be "frivolous or malicious" or if the action "fails to state a claim on which relief may be granted"—this action warrants dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Moreover, "parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise," with the exception of applications for a writ of habeas corpus, must pay this district's full filing fee of $400.

1  *See* 28 U.S.C. § 1914(a). Even prisoners who bring civil actions are required to pay
2  the full amount of a filing fee. 28 U.S.C. § 1915(b)(1). Petitioner's failure to pay the
3  filing fee provides an additional independent basis for dismissal.
4      In light of the foregoing, the Court **DISMISSES WITH PREJUDICE**
5  Petitioner's petition for writ of mandamus.
6      **IT IS SO ORDERED.**
7
8  **DATED:  April 15, 2016**

                                      Hon. Cynthia Bashant
                                      United States District Judge